```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA


IAN RAYMOND ROBINSON,         )
          Petitioner,         )
                              )
          v.                  )    Civil Action No. 05-583
                              )    Chief Judge Donetta W. Ambrose
LOUIS S. FOLINO,              )    Magistrate Judge Caiazza
          Respondent.         )
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Ian Raymond Robinson be denied because it was commenced beyond the relevant statute of imitations. It is also recommended that a certificate of appealability be denied.

#### II. REPORT

The Petitioner, Ian Raymond Robinson ("the Petitioner" or "Robinson"), a state prisoner incarcerated at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania, has filed a Petition for Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. § 2254. In his federal habeas petition he raises claims related to his 1994 conviction of First Degree Murder. For the reasons that follow, Robinson's petition should be dismissed because it was not filed within the one-year limitations period as set out in 28 U.S.C. § 2244(d).

A.  **Relevant Procedural History**

On July 5 1994, following a jury trial in the Court of Common Pleas of Allegheny County, Robinson was found guilty of Murder in the First Degree and other related charges. On September 6, 1994, he was sentenced to life imprisonment for the First Degree Murder conviction. After his appeal rights were reinstated, Robinson, through new counsel, filed a timely notice of appeal. On April 6, 1995, the trial court issued its opinion denying the Petitioner's appeal. (Commw. Ex. 13). On January 3, 1996, the Pennsylvania Superior Court affirmed the judgment of the trial court. (Commw. Ext. 15). On March 11, 1996, Robinson filed a Petition for Leave to File *Allocatur Nunc Pro Tunc* in the Supreme Court of Pennsylvania, which was denied by that court on May 9, 1996. (Commw. Ex. 17).

On December 31, 1996, Robinson filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act. ("PCRA"). 42 Pa. Cons. Stat. § 9542 (Commw. Ex. 18). Following appointment of counsel, an amended petition was filed on May 23, 1997. (Commw. Ex. 19). On September 26, 1997, the trial court dismissed the PCRA Petition without a hearing. (Commw. Ex. 21). The Petitioner filed a timely *pro se* Notice of Appeal. On September 28, 1998, the trial judge issued an opinion denying the claims set out in Robinson's PCRA Petition. On April 5, 1999, the

Pennsylvania Superior Court affirmed the trial court's findings. Robinson then filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied by that court on August 12, 1999. (Commw. Ex. 32).

Meanwhile, on August 26, 1998, the Petitioner filed a federal petition for writ of habeas corpus in this Court, which was docketed as Civil Action No. 99-1423. On July 21, 1999, the District Court dismissed the petition, without prejudice, based on Robinson's failure to have exhausted his state court remedies.

On January 7, 2000, the Petitioner filed a second PCRA petition. (Commw. Ex. 33). On February 29, 2000, the trial court dismissed the PCRA Petition without a hearing. (Commw. Ex. 36). The Petitioner filed a *pro se* Notice of Appeal and on October 23, 2000, the trial court issued its opinion denying the Petitioner's second PCRA Petition. (Commw. Ex. 40). On May 2, 2001, the Superior Court of Pennsylvania dismissed the appeal because counsel failed to file a brief as required under the applicable Pennsylvania Rule of Appellate Procedure. (Commw. Ex. 41).

On May 2, 2002, the Petitioner's counsel filed a Motion to Reinstate Appellate Rights with respect to his second PCRA Petition. On July 15, 2002, the trial court dismissed the Motion, treating it as a third PCRA Petition. (Commw. Ex. 44). The Petitioner did not file an appeal.

Meanwhile, Robinson filed another federal Petition for Writ of Habeas Corpus in this court on May 2, 2002, docketed as Civil Action No. 02-837. On October 14, 2003, United States Magistrate Judge Amy Reynolds Hay filed a Report recommending that the Petition for Writ of Habeas Corpus be dismissed because it was untimely filed. (Commw. Ex. 47). On December 4, 2004, United States District Judge Donetta W. Ambrose dismissed the Petition as being untimely filed and adopted the Report and Recommendation as the opinion of the court. (Commw. Ex. 49). Robinson filed a Notice of Appeal and a request for a certificate of appealability to the United States Court of Appeals for the Third Circuit. On November 5, 2004, the Court of Appeals denied the request for a certificate of appealability because Robinson's Petition was untimely filed and because he failed to show any extraordinary circumstances that would warrant the application of equitable tolling. (Commw. Ex. 53).

On April 27, 2005, the Petitioner filed his third federal habeas petition in this court. For the same reasons stated in the Petitioner's previous federal action at Civil Action No. 02-837, and as set out *infra*, Robinson's instant federal habeas petition should be dismissed because it was filed untimely.

**B.     Time Period for Filing Federal Habeas Corpus Petitions**

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws were amended pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 142 Cong. Rec. H3305-01 (April 24, 1996). In section 101 of AEDPA, Congress imposed a one-year limitations period. 28 U.S.C. § 2244(d)(as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the date on which a petitioner's direct review concluded and the date the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or whether the doctrine of equitable tolling should be applied.

With respect to the current action, Robinson filed a direct appeal from his sentence. On January 3, 1996, the Pennsylvania

Superior Court affirmed the judgment of the trial court denying the Petitioner's appeal. Although Robinson filed a Petition for Leave to File *Allocatur Nunc Pro Tunc* in the Supreme Court of Pennsylvania, it was denied by that court on May 9, 1996. Consequently, direct review of the Petitioner's First Degree Murder conviction concluded and the judgment became "final" on February 2, 1996  -thirty days after the Superior Court affirmed his judgment of sentence on January 3, 1996.  *See* Pa. R. App. P. 1113(a) (establishing thirty-day period for filing a petition for allowance of appeal to the Pennsylvania Supreme Court); Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that, because the Petitioner did not file a direct appeal from his guilty plea, his conviction and sentence became "final" upon the expiration of the thirty-day time period during which he could have appealed).

Robinson's judgment became final before the April 24, 1996 effective date of the AEDPA. In Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998), the United States Court of Appeals for the Third Circuit agreed with other courts of appeals in holding that the new one-year limitations period in the AEDPA began to run its course on the effective date of the AEDPA statute; *i.e.*, April 24, 1996.  Consequently, the Court held that habeas petitions filed one year after April 24, 1996, or on or before April 23, 1997, may not be dismissed for failure to comply with §

- 6 -

2244(d)(1)'s time limit. *See also* Nara, 264 F.3d at 315 (holding that any habeas petitioner whose conviction became final before the effective date of AEDPA had until, and including, April 23, 1997 to file a timely petition under § 2244(d)(1)). Thus, under the new one-year limitations period set out in AEDPA, the Petitioner had until April 23, 1997 to file a federal habeas corpus petition challenging his conviction.

As already said, the Petitioner's federal habeas corpus petition in this action was filed on April 27, 2005, well past the expiration of his one-year limitations period. Consequently, this Court must determine whether the Petitioner can take advantage of the "tolling" provision in section 2244(d)(2).

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant action, Robinson filed his first PCRA petition on December 31, 1996. Therefore, his one-year limitations period began to run its course on April 24, 1996 and continued until December 31, 1996, when he filed his first PCRA petition. From April 24, 1996 until December 31, 1996, 251 days had expired on the Petitioner's one-year limitations period; 114

days remained. The Petitioner's one-year AEDPA limitations period was tolled while he was pursuing his first PCRA proceeding from December 31, 1996 through August 12, 1999 -the date on which his Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania.[1] His limitations period began running its course again on August 13, 1999 and ended on December 6, 1999, 114 days after the tolling period expired. Unfortunately for Robinson, he did not file his second federal habeas corpus petition until May 2, 2002, well after his one-year limitations period had expired. He did not file his third habeas corpus petition until April 27, 2005. Moreover, the time period which elapsed while the Petitioner was pursuing his second and third PCRA petitions does not toll the AEDPA limitations period because those petitions were filed on January 7, 2000, and on May 2, 2002, respectively. Both of these dates fall outside the expiration of the Petitioner's one-year limitations period, which, parenthetically, ended on December 6, 1999. Thus, no part of the time period during which the Petitioner was pursuing his

---

1. See Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) (holding that the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the statute of limitations on filing a habeas petition).

second and third PCRA petitions is subject to the statutory tolling provisions.

Moreover, Robinson's Petition for Writ of Habeas Corpus is untimely, even if this Court assumes that his one-year limitations period did not begin to run until after the Supreme Court of Pennsylvania denied his Petition for Leave to File *Allocatur Nunc Pro Tunc*.

The Supreme Court of Pennsylvania denied Robinson's Petition for Leave to File *Allocatur Nunc Pro Tunc* on May 9, 1996. Using this date, the Petitioner's conviction became final on August 7, 1996. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of *certiorari* in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions).

As set out *supra*, the Petitioner filed his first PCRA petition on December 31, 1996. Therefore, his one-year limitations period began to run its course on August 8, 1996 and continued until December 31, 1996, when he filed his first PCRA petition. From August 8, 1996 until December 31, 1996, 145 days had expired on the Petitioner's one-year limitations period; 220 days remained. Robinson's one-year AEDPA limitations was tolled

while he was pursuing his first PCRA proceeding from December 31, 1996 through August 12, 1999 -the date that his Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania. His limitations period began running again on August 13, 1999.

On January 7, 2000, the Petitioner filed his second PCRA petition. From August 13, 1999 to January 7, 2000, 147 days elapsed. Thus, as of January 7, 2000, 292 days had expired on the Petitioner's one-year AEDPA limitations period, (*i.e.*, 145 days plus 147 days which equals a total of 292 days). On May 2, 2001, the Pennsylvania Superior Court dismissed Robinson's appeal of the dismissal of his second PCRA petition due to his counsel's failure to file a brief. Thus, Robinson's AEDPA limitations period again was tolled until June 1, 2001, which represents the expiration of the thirty-day time period during which he could have appealed the determination of the Superior Court.

His AEDPA limitations period started running its course again on June 2, 2001. As of that date, Robinson had 73 days remaining on his AEDPA one-year limitations period (365 days minus 292 days equals 73 days). Consequently, his one-year limitations period ended on August 14, 2001. Robinson did not file his third PCRA petition until May 2, 2002, well after the expiration of his one-year limitations period. Thus, none of that

time is subject to the statutory tolling period. Consequently, his second federal petition filed on May 2, 2002 was untimely, even if the Court assumes that his one-year limitation period did not commence until after the Supreme Court of Pennsylvania denied his Petition to File *Allocatur Nunc Pro Tunc*.[2] It necessarily follows that his third petition filed on April 27, 2005 also is untimely.

Moreover, nothing in this record indicates that the Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, nothing in Robinson's federal habeas petition indicates that he suffered any impediment that hindered his ability to file a timely petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(c). In addition, he has not shown that his claims are based upon a factual predicate that could not have been

---

2. This court recognizes that the Supreme Court has determined that the tolling provision in 28 U.S.C. § 2244 applies only to petitions for post conviction or collateral relief that are filed in the state courts. See Duncan v. Walker, 533 U.S. 167 (2001). Consequently, the time period that a petitioner is pursuing a federal habeas corpus petition does not toll the one-year limitations period under 28 U.S.C. § 2244(d)(2).

discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, Robinson has not made a showing that the doctrine of equitable tolling should be applied here. That said, AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the Petitioner has in some extraordinary way been prevented from asserting his or her rights. The Petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with a petitioner. Id. at 978.

The United States Court of Appeals for the Third Circuit has held that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy

v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), cert. denied, 534 U.S. 944 (2001).

Here, Robinson has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. His only basis for applying equitable tolling is his argument made on direct appeal and collateral review; i.e., that the Commonwealth failed to prove the elements of first degree murder. That argument, standing alone, is an insufficient basis for a successful application of the equitable tolling doctrine. Cf. In re Boshears, 110 F.3d 1538, 1540-41 (11th Cir. 1997) (holding that newly discovered evidence suggesting that the petitioner did not commit the crime did not justify the filing of a successive habeas petition because the petitioner had failed to explain why the evidence could not have been discovered earlier with due diligence).[3]

---

3. See also Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining petition's due date does not constitute extraordinary circumstances for purposes of equitable tolling); Lovato v. Suthers, ___ F.3d ___, (Table), 2002 WL 1500844 (10th Cir. July 15, 2002) (holding that purported difficulty of legal issues in state prisoner's pro se habeas petition was an inadequate ground to equitably toll the habeas limitations period); Jihad v. Hvass, 267 F.3d 803 (8th Cir. 2001) (holding that period of time prior to the petitioner's filing for state post-conviction relief could not be equitably tolled for purpose of AEDPA one-year limitations period based on the Petitioner's inability to obtain counsel to represent him
(continued...)

As noted by the United States Court of Appeals for the Fourth Circuit:

> [a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000).

---

(...continued)
in his state post-conviction proceeding and failure of defense counsel to send the Petitioner his trial transcript until approximately eight months after his conviction); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (holding that the state's failure to provide trial transcript did not toll limitations period for filing habeas petition); Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000) (holding that the Petitioner's case did not present extraordinary or exceptional circumstances warranting equitable tolling because his delays in seeking collateral review of his conviction did not show reasonable diligence); Adams v. LeMaster, 223 F.3d 1177 (10th Cir. 2000) (holding that the Petitioner's ten-year delay in seeking collateral review of his conviction did not show reasonable diligence as required for equitable tolling of limitations period); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated pro se Petitioner, generally does not excuse prompt filing.").

The discussion *supra* reveals that the Petition for Writ of Habeas Corpus in the instant action was not timely filed and it should be dismissed.

## C. **Certificate of Appealability**

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order unless a certificate of appealability ("COA") has been issued. A COA should be issued only when a habeas petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty in the application of this provision when the District Court does not decide the case on the merits but rather decides the case on a procedural ground, without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473, 478 (2000), the Supreme Court said that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

- 15 -

Applying the relevant standard here, the court concludes that jurists of reason would not find it debatable whether Robinson's federal habeas petition was filed within the one-year limitation period provided for under AEDPA. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that Robinson's Petition for Writ of Habeas Corpus be denied because it was filed untimely and that a certificate of appealability likewise be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Francis X. Caiazza
U. S. Magistrate Judge

January 17, 2006

cc: Donetta W. Ambrose
    Chief United States District Judge

    Ian Robinson, CM-6451
    SCI Greene
    175 Progress Drive
    Waynesburg, PA 15370

    Ronald M. Wabby, Jr.
    Office of the District Attorney
    Appeals/Post Conviction
    401 Allegheny County Courthouse
    Pittsburgh, PA 15219